NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLA CARDINALE,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC.,<br><br>Defendant. | Civil Action No.: 17-564 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge

This matter comes before the Court by way of Defendant Diversified Adjustment Service, Inc.'s Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14 ("Def. Mov. Br.")). Plaintiff has opposed Defendant's Motion (ECF No. 15 ("Pl. Opp. Br.")), to which Defendant has replied (ECF No. 16 ("Def. Rep. Br.")). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies the Defendant's Motion to Dismiss.

1

# I. BACKGROUND[1]

Plaintiff Carla Cardinale, a New Jersey resident (ECF No. 1. ("Compl." ¶ 4)) brings this action against Defendant Diversified Adjustment Service, Inc. for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). (Id. at ¶ 3). Defendant Diversified Adjustment Service, Inc. is in the business of collecting allegedly unpaid debts and is based out of Minnesota. (Id. at ¶ 5). Defendant sent Plaintiff an initial written communication ("the Letter") on March 29, 2016 seeking to collect Plaintiff's alleged unpaid debt. (Compl. ¶ 9). Plaintiff asserts that the Letter did not include the information required by 15 U.S.C. § 1692g. (Id. at ¶ 10). Specifically, Plaintiff alleges that the Letter did not state the identity of the creditor to whom the debt is owed. (Id. at ¶¶ 10-11). According to Plaintiff, the Letter was a deceptive collection practice "because [a] consumer is entitled to know to whom the [a]lleged [d]ebt is owed...." (Id. at ¶ 13). Plaintiff further alleges that Defendant "violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692g(a)(2)." (Id. at ¶ 16). Accordingly, Plaintiff asserts she is entitled to damages under the FDCPA in the form of both actual and statutory damages. (Id. at ¶ 17). Plaintiff also seeks a declaration that Defendant's actions violated the FDCPA, as well as attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a). (Id.).

The Court notes that Defendant filed its initial Motion to Dismiss on March 23, 2017. (ECF No. 7). Plaintiff opposed said Motion on April 27, 2017. (ECF No. 11). However, thereafter, on May 12, 2017, Defendant filed an Amended Motion to Dismiss (ECF No. 14, "Def. Mov. Br."),

---

[1] This background is derived from Plaintiff's Complaint, and other documents that are integral to and/or explicitly relied upon in the Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

which is the operative motion herein. Accordingly, Defendant's original Motion to Dismiss was administratively terminated.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Providential Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). However, depending on the nature of the attack under Fed. R. Civ. P. 12 (b)(1), which may either assert a factual or facial challenge to the court's jurisdiction, a presumption of truthfulness may attach to the plaintiff's allegations. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006); *Turicentro, S.A. v. American Airlines, Inc.*, 303 F. 3d 293, 300 n. 4 (3d Cir. 2002); *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When a defendant facially attacks the Court's jurisdiction under Rule 12(b)(1), this type of challenge effectively contests the adequacy of the language used in the pleading; the trial court must therefore construe the pleadings in a light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Turicentro*, 303 F. 3d 293, 300 n. 4; *Gould*, 220 F.3d at 176. Alternatively, when bringing a factual attack, the defendant contends that the facts on which the plaintiff's allegations rely are not true as a matter of fact. *Id.* Therefore, the plaintiff's allegations do not benefit from a presumption of truthfulness; the court, instead, must weigh the evidence in its discretion by taking into account affidavits, documents, and even limited evidentiary hearings. *Id.*

### B. Motion to Dismiss Pursuant Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

**C. FDCPA Background**

When Congress passed the FDCPA in 1977, there had been "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The purpose of the FDCPA was to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

4

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. "The statute contains a non-exhaustive list of conduct that violates § 1692e . . . ." *Simon v. FIA Card Serv. NA*, 639 F. App'x 885, 888 (3d Cir. 2016). A debt collector is in violation of the FDCPA if he or she uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Because the FDCPA is a remedial statute, it must be broadly construed in order to give full effect to its purposes. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). Communications that give rise to FDCPA claims are analyzed according to the "least sophisticated debtor." *Id.* The "least sophisticated debtor" requires more than an examination of whether particular language used in a communication would mislead a reasonable debtor "because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Id.* at 454. Although "the least sophisticated debtor" standard is meant to protect naïve consumers, it is also meant to prevent liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)). "The standard is an objective one, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015).

"To prevail on a FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect

a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

### III. ARGUMENTS AND ANALYSIS

**A. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Defendant argues that this Court lacks subject matter jurisdiction since Plaintiff has supposedly failed to "plead any factual basis establishing that the debt in question is consumer related as defined by the statute . . . ." (Def. Mov. Br. at 7). Defendant points to the language of the Complaint and argues that the use of the terms "alleged debt" (Compl. ¶ 8) and "on information and belief" (Id. ¶ 7) shows Plaintiff is uncertain of her claim and whether a debt, as defined by the FDCPA exists. (Def. Mov. Br. at 6-7). In opposition, Plaintiff argues that she has established subject matter jurisdiction because her allegations relating to the debt are consistent with the FDCPA's definition of same. (Pl. Opp. Br. at 3).

Although Defendant has not stated whether it considers its Rule 12(b)(1) motion to be a facial or factual attack, this Court will evaluate the 12(b)(1) motion as a facial attack because Defendant has argued that the Complaint is not adequate and does not allege sufficient facts to warrant jurisdiction. (Def. Mov. Br. at 5-7). In a facial attack the trial court must construe the pleadings in a light most favorable to the plaintiff. *Gould*, 220 F.3d at 176. Accordingly, Plaintiff's factual allegations are taken as true. *Id.*

Section 1692a of 15 U.S.C. defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household

purposes. . . ." Here, Plaintiff has pled that the alleged debt Defendant seeks to collect was a "financial obligation that was primarily for personal, family or household purposes." (Compl. ¶ 8). Indeed, such allegations are within the FDCPA's definition of "debt." When reading the Complaint, and presuming all allegations therein to be true, the Court is satisfied Plaintiff has properly pled a debt that is governed by the FDCPA. Merely calling the debt an "alleged debt" or including prefix language such as "on information and belief" does not transform the statements in the Complaint, which the Court must accept as true at this point in the litigation, into mere allegations that the Court should disregard as doing so would be inconsistent with the aforementioned Motion to Dismiss Standards set forth above.

Indeed, as the Third Circuit noted in *Zimmerman v. HBO Affiliate Group*, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in attempt to collect a 'debt.'" 834 F.2d, 1163, 1167 (3d Cir. 1987). Here, Plaintiff's Complaint meets the threshold requirement illustrated in *Zimmerman*. The Complaint alleges that the Letter sent by Defendant is deceptive for failing to state the name of the creditor. Hence, the Court is unpersuaded by Defendant's subject matter jurisdiction arguments and the portion of Defendant's Motion relying on said argument is hereby denied.

**B. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Defendant further contends that Plaintiff fails "to state a claim under federal law upon which relief may be granted." (Def. Mov. Br. at 8). According to Defendant, Plaintiff's Complaint does not meet the pleading requirements discussed above. As discussed, to state a claim under the FDCPA, "a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the

Act defines it, and (4) the defendant has violated a provision of the FDCPA." *Douglass*, 765 F.3d at 303.

Here, Plaintiff has pled that she is a consumer and that the alleged violation would be unclear to the least sophisticated consumer. (Compl. ¶¶ 12-13). Further, Plaintiff has pled that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6). (Id. at ¶ 5). Next, Plaintiff alleged that Defendant attempted to collect a "debt" as defined by the FDCPA. (Id. at ¶ 9). Finally, Plaintiff asserted that the Letter is in fact a violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692(a)(2). (Id. at ¶ 16). Specifically, Plaintiff asserts that the Letter does not include the elements required by 15 U.S.C. § 1692g and states "Re: VERIZON," which is deceptive and unclear to the least sophisticated consumer, since the Letter fails to identify the relationship between Defendant and "VERIZON." (Id. at ¶¶ 10-13). Accordingly, this Court is satisfied that Plaintiff has sufficiently pled a *prima facie* claim for violation of the FDCPA. Therefore, Defendant's Motion to Dismiss is hereby denied.

## IV. <u>CONCLUSION</u>

For the aforementioned reasons, Defendants' Motion to Dismiss is hereby denied. An appropriate Order accompanies this Opinion.

DATED: July 6th, 2017

JOSE L. LINARES
Chief Judge, United States District Court

8